# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRIC OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| GEOGRAPHIC LOCATION INNOVATIONS LLC | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| BOSTON MARKET CORPORATION | § § § | |
| Defendant. | § § | |
| _____ | § | |

## COMPLAINT

Plaintiff Geographic Location Innovations LLC ("Plaintiff" or "GLI") files this Complaint against Boston Market Corporation ("Defendant" or "Boston Market") for infringement of United States Patent No. 7,917,285 (hereinafter "the '285 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code.  Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with a virtual office located at 1400 Preston Rd, Suite 400, Plano, TX  75093.

4.      On information and belief, Defendant is a Delaware corporation with its principal office located at 14103 Denver West Pkwy., Golden, CO 80401.  On information and belief, Defendant may be served through its agent, Corporation Trust Center, 1209 Orange St.,

Wilmington, DE 19801.

5.      On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7.      On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District. For example, Defendant has a regular and established place of business at 701 W. 15th St., Plano, TX 75075.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,917,285)

8.      Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.      This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10.     Plaintiff is the owner by assignment of the '285 Patent with sole rights to enforce the '044 Patent and sue infringers.

11.     A copy of the '285 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12.     The '285 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 13, of the '285 Patent by making, using (at least by having its employees, or someone under Defendant's control, test the System), importing, selling, and/or offering for sale a mobile website with associated hardware and software embodied, for example, in its store locator service (the "System") covered by at least Claim 13 of the '285 Patent.  The System is used, for example, in connection with Defendant's website at https://www.bostonmarket.com/locations/.   Defendant has infringed and continues to infringe the '285 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14.     The System includes the mobile website and associated hardware.  These tools provide for remote entry of location information, such as store locations into a positional information device such as, for example, a table or smart phone.  The website automatically loads nearby store locations onto the positional information device based on the user's location.

15.     The System includes one or more servers that receive a request for an address of at least one location such as, for example, the location of a store nearby the user, which is not already stored in the positional information device.  For example, Defendant's server(s) receives a request for a location of a store nearby the user.  Certain aspects of this element are illustrated in the screenshot(s) below and or in screenshots provided in connection with other allegations herein.



16.    The server(s) determine the address(es) of the store(s) and transmits the determined address(es) to the positional information device (e.g., tablet or smartphone).  For example, the server(s) transmits to the positional information device a visual indication of the store(s) on a map.  Certain aspects of this element are illustrated in the screenshot(s) below and or in screenshots provided in connection with other allegations herein.



17.    The positional information device includes a locational information module (e.g., GPS hardware), which Defendant uses, and which determines the location of the positional information device.  The System automatically loads nearby store locations based on the user's location.  Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



18.     The System includes a communications module (e.g., cellular or WiFi components in the positional information device), which Defendant uses, and which receives the determined address(es) from the server(s). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



https://www.maptoaster.com/maptoaster-topo-nz/articles/how-gps-works/how-gps-works.html

19.      The System includes a processing module (e.g., mapping software and the mobile website), which Defendant uses, and which receives the determined address(es) from the communication module.  The processing module determines route guidance based on the location of the positional information device and the determined address(es).  Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



20.      The System includes a display module (e.g., screen on the positional information device) for displaying the route guidance. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



21.    The System includes a communications network (e.g., cellular network) for coupling the positional information device to the server(s).

The A-GPS device will use a data connection (e.g. 3G on a cellphone) to contact an assistance server. The server can supply almanac and ephemeris data so the GPS doesn't have to wait to receive them from the satellites. The server can also send an approximate location derived from cellphone towers, allowing an immediate fix. In some cases the A-GPS device may send incomplete GPS data to the server for processing into a fix.

https://www.maptoaster.com/maptoaster-topo-nz/articles/how-gps-works/how-gps-works.htm

22.    The server(s) receives a time and date (e.g., the time and date of the request for a location) associated with the requested location(s) and transmits the associated time and date with the determined address(es) to the positional information device and the positional

information device displays the determined address at the associated time and date.  For example, the time and date of the request must be sent to the server(s) so that the server(s) can determine traffic conditions associated with varying routes to the requested location and display location and route conditions corresponding to the time and date of the request. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



23.    Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

24.    Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

25.    Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,917,285 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: May 23, 2019                    Respectfully submitted,


                                       */s/ Jay Johnson*
                                       **JAY JOHNSON**
                                       State Bar No. 24067322
                                       **D. BRADLEY KIZZIA**
                                       State Bar No. 11547550
                                       **KIZZIA JOHNSON, PLLC**
                                       1910 Pacific Ave., Suite 13000
                                       Dallas, Texas 75201
                                       (214) 451-0164
                                       Fax: (214) 451-0165
                                       jay@kjpllc.com
                                       bkizzia@kjpllc.com
                                       **ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**